FILED
JAN 17 2002
U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

EUNICE HOLMAN, et al.,

Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2030 (CEJ)

consolidated with

ROBERT G. RINGLING,

Plaintiff,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2031 (CEJ)

consolidated with

LELAND RUBLE,

Plaintiff,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2032 (CEJ)

consolidated with



| | |
|---|---|
| PATRICIA GRIZZLE,<br><br>Plaintiff,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,<br><br>Defendant. | No. 4:01-CV-2033 (CEJ)<br><br>consolidated with |
| KEITH KING, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,<br><br>Defendant. | No. 4:01-CV-2034 (CEJ)<br><br>consolidated with |
| FRANKLIN W. WHITE,<br><br>Plaintiff,<br><br>vs.<br><br>HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,<br><br>Defendant. | No. 4:01-CV-2035 (CEJ)<br><br>consolidated with |

LAVERNE HORSTMANN, et al.,

Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2036 (CEJ)

consolidated with

BETTY PONDER, et al.,

Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2037 (CEJ)

consolidated with

STEPHANIE L. FOSTER,

Plaintiff,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2038 (CEJ)

consolidated with

JEAN SPENGLER, et al.,

Plaintiffs,

vs. No. 4:01-CV-2039 (CEJ)

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

consolidated with

SHERYL LOVELACE, et al.,

Plaintiffs,

vs. No. 4:01-CV-2040 (CEJ)

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

consolidated with

MARY J. SAMSEL,

Plaintiff,

vs. No. 4:01-CV-2041 (CEJ)

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

consolidated with

DALE M. GOSNELL, et al.,

Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2042 (CEJ)

consolidated with

CYNTHIA PENDER, et al.,

Plaintiffs,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2043 (CEJ)

consolidated with

BEN W. VERHAGEN,

Plaintiff,

vs.

HONEYWELL INTERNATIONAL, INC., f/k/a ALLIED SIGNAL, INC., successor-in-interest to BENDIX CORP.,

Defendant.

No. 4:01-CV-2044 (CEJ)

**MEMORANDUM AND ORDER**

These removed matters are before the Court upon its review of the records. The Court has consolidated the captioned cases pursuant to Fed. R. Civ. P. 42(a) for the sole purpose of determining whether remand is appropriate under 28 U.S.C.§ 1452(b).

Plaintiffs allege that they or, in some cases their decedents, suffer from illnesses and medical conditions related to exposure to asbestos. Plaintiffs filed product-liability and other state law claims against fifty defendants in the Circuit Court of the City of St. Louis. On December 28, 2001, defendant Honeywell International, Inc., removed the cases to this Court, invoking jurisdiction under 28 U.S.C. §1334 (conferring jurisdiction over bankruptcy actions) and 28 U.S.C. §1452(a) (authorizing removal of civil actions when district court has jurisdiction under §1334). No other defendant has joined in the removal, however, their consent is not required when removal is based on §1334. Creasy v. Coleman Furniture Corp., 763 F.2d 656, 660 (4th Cir. 1985).

In its notice of removal, Honeywell states that on October 1, 2001 defendant Federal-Mogul Global, Inc. filed a petition for bankruptcy relief in the United States Bankruptcy Court for the District of Delaware. Because plaintiffs have asserted that the defendants are jointly and severally liable for the asbestos-related harms, Honeywell asserts that cross-claims for indemnification and/or contribution arise between Federal-Mogul and Honeywell, and that therefore this action is "related to" a bankruptcy action. Simultaneously with its removal notices, Honeywell filed motions for transfer of the cases to the Bankruptcy Court in Delaware so that that court may conduct a Daubert[1] hearing on whether automotive friction products containing asbestos can be the proximate cause of asbestos-related medical disorders. There

[1] Daubert v. Merrell Dow Pharmaceuticals, 509 U.S. 579 (1993).

is no indication that the Bankruptcy Court for the District of Delaware has ruled on those motions.

**Discussion**

Section 1452, governing removal of claims related to bankruptcy cases, provides that "the court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground." 28 U.S.C. §1452(b). Section 1334 similarly provides that the district court may abstain from exercising its jurisdiction "in the interest of justice, or in the interest of comity with the State courts or respect for State law." §1334(c)(1).

The following factors are relevant to the Court's consideration under §1452(b): whether remand would prevent duplication or uneconomical use of judicial resources, the effect of remand on the administration of the bankruptcy estate, existence of a right to a jury trial, whether state law issues predominate and would be better resolved by a state court, prejudice to involuntarily removed parties, and the predominance of non-debtor parties. See In re Asbestos Litigation, 2001 WL 1561793 at *6, ___ B.R. ___, (S.D. W.Va. Dec. 7, 2001); River Cement Co. v. Bangert Bros. Const. Co., 852 F. Supp. 25, 27 (D. Colo. 1994); In re Riverside Nursing Home, 144 B.R. 951, 956 (S.D.N.Y. 1992). Similar factors apply to abstention under §1334(c)(1). See In re Chicago, Milwaukee, St. Paul & Pacific R. Co., 6 F.3d 1184, 1189 (7th Cir. 1993).

Based upon its review of the relevant factors, the Court concludes that the balance of equities favors remand. Issues of

state law and non-debtor parties predominate in these cases. Principles of comity dictate that this Court defer to the state court for resolution of the state law claims. Further, the Daubert issue may be addressed with as much expertise by the state court as by a federal court. Plaintiffs "have procedural and substantive rights to have their claims resolved in a timely fashion." In re Asbestos Litigation at * 6. Moreover, at least one of these cases has been removed four other times since 1994. See Pender v. Bell Asbestos Mines, Ltd., 4:94-CV-1910; Pender v. Bell Asbestos Mines, Ltd., 4:96-CV-772; Pender v. Bell Asbestos Mines, Ltd., 4:01-CV-369; Pender v. Bell Asbestos Mines, Ltd., 4:01-CV-1993. The repeated removals to this Court have undoubtedly disrupted numerous trial dates. Further delay would result if resolution had to await proceedings in Federal-Mogul's recently filed bankruptcy action.

Based upon the above considerations, the Court will remand the above actions to the Circuit Court of the City of St. Louis pursuant to 28 U.S.C. § 1452(b).

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall remand these matters to the Circuit Court of the City of St. Louis from which they were removed.

Carol E. Jackson
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 17th day of January, 2002.

UNITED STATES DISTRICT COURT - EASTERN MISSOURI
INTERNAL RECORD KEEPING

AN ORDER, JUDGMENT OR ENDORSEMENT WAS SCANNED, FAXED AND/OR MAILED TO THE FOLLOWING INDIVIDUALS ON 01/17/02 by lwilderm

4:01cv2030 Holman vs Honeywell Intl, Inc.

28:1441 Petition for Removal- Asbestos Litigation

| | |
|---|---|
| Ted Gianaris - | Fax: 618-251-2251 |
| Marcus Raichle - | Fax: 618-251-2251 |
| Beth Veath - 3514 | Fax: 618-235-5591 |

+1 Cert to Clerk City of St. Louis

SCANNED & FAXED BY:

JAN 17 2002

MJM